PETER C. WOLFF, JR. #2332
Federal Public Defender, District of Hawaii
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:      peter_wolff@fd.org

Counsel for Defendant
GRANT MANAKU

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA<br>          Plaintiff<br><br>    vs.<br><br>GRANT MANAKU<br>          Defendant | ) No. 1:18-cr-00069-LEK<br>)<br>) Defendant's Motion to Suppress;<br>) Exhibits A – G; Certificate of Service<br>)<br>) Judge:   Leslie E. Kobayashi<br>)<br>) |

**Defendant's Motion to Suppress**

Defendant Grant Manaku, through counsel, moves this Court to suppress evidence the government obtained by unreasonably executing a search warrant on his residence in violation of Fed. R. Crim. P. 41 and the Fourth Amendment. Manaku's suppression claim is that government agents deliberately violated Rule 41 by not serving the complete warrant during the search, thereby executing an unreasonable search under the Fourth Amendment. This motion is brought pursuant to Fed. R. Crim. P. 12 and 47, and seeks to vindicate Manaku's rights under the Fourth Amendment and Fed. R. Crim. P. 41. Exhibit A to this motion

provides a complete copy of the search warrant, consisting of a one-page face sheet (MANAKU_000026), a one-page Attachment A describing the place to be searched (MANAKU_000028)), and a three-page Attachment B describing the items to be seized (MANAKU_000029–31).

1.      In light of the government's discovery and defense investigation, counsel anticipates that an evidentiary hearing on this motion will adduce the following the facts.

Near the end of February 2017, a government agent in Oklahoma City downloaded files from an IP address associated with the Dela Cruz residence in Waipahu. An agent reviewed the files in April 2018 and concluded that some of them appeared to depict child pornography. In early April, the government's investigation further revealed that the Dela Cruz family lived at the residence, perhaps with Manaku (whose vehicle was observed outside the residence during surveillance), that no one living at the residence had a criminal history of any kind, and that the family patriarch, Jason Dela Cruz, was a retired police officer, who still worked as a reserve officer and was the only one who owned a firearm, his HPD-issued firearm (FBI_REPORTS_000175–179) [Exhibit B]. Although government agents knew ret. Officer Dela Cruz still owned his service firearm, they had no objective reason to think he (or anyone else) would turn it on fellow officers lawfully executing a search warrant. On the basis of probable cause as to

possession (not production) of child pornography (MANAKU_000029) [Exhibit A], agents obtained a warrant to search the residence on April 20, 2017.

No less than *seventeen* agents, perhaps up to *twenty-six*,[1] some members of a SWAT team garbed in riot gear, executed a "dual breach" execution of the search warrant on April 24, 2017 (FBI_REPORTS_000181; accord FBI_REPORTS_000258) [Exhibit C]. It is not clear how reasonable was their compliance with the knock-and-announce rule. Logs and notes of the raid state compliance with the knock-and-announce rule, but list that compliance as occurring nearly simultaneously (within the same minute, 8:53 am) as first contact with Lola Dela Cruz (the family's matriarch and Jason's wife) *and* with the "dual breach" of the residence's two entrances being "authorized." (FBI_REPORTS_000258; accord FBI_REPORTS_000181 and _000260) [Exhibits C and D]. Lola Dela Cruz is, moreover, expected to testify that she was in the kitchen preparing breakfast when she heard a loud bang and saw a bright flash of light emit from behind the front door. As soon as she opened the door, an agent in riot gear rushed her, lifted her, shoved her against a car parked outside, and handcuffed her. She does not recall agents knocking or announcing themselves.

---

[1] An FBI report lists seventeen agents as having been involved in executing the warrant (FBI_REPORTS_000336) [Exhibit E], but a diagram of the residence, dated 4/24/2017, appears to have been signed by *twenty-six* agents (FBI_REPORTS_000339–341) [Exhibit F].

More agents in riot gear ran into the house and brought out her son and Manaku, both in handcuffs. No one else was home at the time. Ret. Officer Dela Cruz had left for work (as a reserve police officer) earlier that morning, which one could reasonably expect the agents to have known or that they should have. Agents left Lola Dela Cruz, in her nightgown, and her son and Manaku, both in boxer shorts, standing in the sun across from their home for about an hour as agents searched the residence. During the search, Lola Dela Cruz asked several times for a copy of the warrant. An FBI report asserts she was given "[a] copy of the search warrants" at 12:50 pm (FBI_REPORT_000337) [Exhibit G]. But Lola Dela Cruz is expected to testify that all the agent gave her was the one-page face sheet, *without* its two attachments. She is also expected to testify as to the damage done to her home by the agents, including damage not only to the home's front door, but throughout the house as agents searched it. The Dela Cruz family did not allow Manaku back into their home after the search and have not maintained contact with him since then.

    2.    Ninth Circuit Rule 41 precedent holds that agents must serve a copy of the "complete" warrant. *United States v. Celestine*, 324 F.3d 1095, 1100–1101 (9th Cir. 2003); *United States v. Gantt*, 194 F.3d 987, 990–995 (9th Cir. 1999) (as amended), overruled on other grounds by *United States v. W. R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc). The agents here did not do so, because the only

thing they served was the cover sheet of the warrant, without the two attachments the cover sheet incorporated by reference. *Gantt* fully sets out, and *Celestine* helpfully summarizes, applicable law.

The defining characteristics that the Fourth Amendment attributes to "a Warrant" is that it is something that only "issue[s] … upon probable cause, supported by Oath or affirmation," and that it is something "particularly describing the place to be searched and the person or things to be seized." U.S. Const., amend. IV. Rule 41 further provides that "[t]he officer executing the warrant must give a copy of the warrant … to the person from whom, or from whose premises, the property was taken[.]" Fed. R. Crim. P. 41(f)(1)(C).[2] The Ninth Circuit has construed this provision of Rule 41 "in light of the policies that underlie the warrant requirement: providing the property owner assurance of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Celestine*, 324 F.3d at 1101; see also *Gantt*, 194 F.3d at 990–994. "In addition to this 'assurance' function," the Ninth Circuit "has frequently explained that the particularized warrant requirement is also intended to give notice to the person subject to the search what the officers are entitled to seize." *Gantt*, 194 F.3d

---

[2] A new version of subsection (f) of Rule 41 went into effect on December 1, 2016. The changes added provisions dealing with seizing and searching "electronic storage media." The amendments did not alter the language of subsection (f)(1)(C) quoted here and construed in *Celestine* and *Gantt*.

at 991 (quoting *In the Matter of Seizure of Property Belonging to Talk of the Town Bookstore, Inc.*, 644 F.2d 1317, 1318 (9th Cir. 1981) (quoting *United States v. Marti*, 421 F.2d 1263, 1268 (2d Cir. 1970)) (some internal quotation marks omitted); and citing *United States v. McGrew*, 122 F.3d 847, 850 (9th Cir. 1997), *United States v. Van Damme*, 48 F.3d 461, 466 (9th Cir. 1995), *United States v. Towne*, 997 F.2d 537, 545 (9th Cir. 1993), and *United States v. Hayes*, 794 F.2d 1348, 1355 (9th Cir. 1986)).

With such precepts in mind, the Ninth Circuit holds that Rule 41(f)(1)(C) requires agents to serve a "complete copy of the warrant at the outset of the search." *Celestine*, 324 F.3d at 1101 (quoting *Gantt*, 194 F.3d at 990); see also *Gantt*, 194 F.3d at 994. What constitutes a "complete copy" of the warrant turns on whatever is necessary to sate the Fourth Amendment's particularity requirement as to the place to be searched and the items to be seized, lest what ends up being served not be a "Warrant" at all. In *Van Damme*, that required service of the affidavit in support of the warrant. *Van Damme*, 48 F.3d at 466. In *Celestine*, the "face sheet" of the warrant and an attached list was what needed to be served. *Celestine*, 324 F.3d at 1100.

Here, Rule 41 and the Fourth Amendment required service of both Attachment A and Attachment B in addition to the face sheet. The face sheet alone—despite being prominently dubbed a "Search and Seizure Warrant" and

6

duly bearing a magistrate judge's signature and seal—was neither a "Warrant" under the Fourth Amendment nor a "complete copy" of the warrant under Rule 41(f)(1)(C). The face sheet was neither because it did not specify the place to be searched (Attachment A did), nor did it specify the items to be seized (Attachment B did). The Fourth Amendment and Rule 41 accordingly required agents to serve not just the face sheet, but both attachments as well. But they only served Lola Dela Cruz with the face sheet at the end of the search.

Suppression is "require[d]" for a Rule 41(f)(1)(C) violation in two situations: "if there 'was a deliberate disregard of the rule' or if the defendant was prejudiced." *Gantt*, 194 F.3d at 994 (quoting *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1283 (9th Cir. 1992)). Important to emphasize is that "deliberate" here means only that the agents did not do what binding Ninth Circuit precedent called upon them to do; Manaku is *not* required to show that agents did so in bad faith. *Gantt*, 194 F.3d at 995 (rejecting the government's argument that violation of Rule 41(f)(1)(C) was not "deliberate," because precedent told agents what they were required to do and they didn't do it).

Because agents failed to serve "a complete copy" of the warrant during the search, binding "Rule 41[(f)(1)(c)] jurisprudence" in this circuit "requires suppression" of the evidence seized from the residence, as well as all derivative evidence, such as Manaku's confession or other testimonial evidence obtained as a

7

result of executing the search warrant in violation of Rule 41. *Gantt*, 194 F.3d at 995.

      3.    It appears that the exclusionary rule does not apply to manner-of-execution claims, even if the agents acted unreasonably. *Hudson v. Michigan*, 547 U.S. 586, 590-599 (2006) (exclusionary rule inapplicable to knock-and-announce violation); *United States v. Ankeny*, 502 F.3d 829 (CA9 2007) (as amended) (seizure of evidence too attenuated from violation of knock-and-announce rule and excessive force to warrant suppression). However, in this matter the agents' unreasonable conduct during the execution of the search remains relevant, even though their excessive conduct does not provide an independent ground for suppression.

    Manaku's Rule 41 claim may come down to a credibility contest between Lola Dela Cruz and the agent who served her, unless the agent admits to either giving her just the face sheet or is unable to recall what he or she actually handed to Lola Dela Cruz at the end of the search. If credibility contest it is, the agents' unreasonable manner of executing the search warrant—with such excessive zeal and indifference to the Dela Cruz's property if not the knock-and-announce rule too—should be considered as detracting from finding the agents' self-serving testimony about compliance with Rule 41's service requirement credible. On the other hand, especially after severing ties with Manaku, there seems to be little, if

any, reason not to believe Lola Dela Cruz, especially about whether or not agents served her with a complete copy of the warrant.

4. In accord with the foregoing, along with any further filings and any evidentiary or argumentative hearings conducted on this motion, this Court should grant this motion and suppress the evidence agents seized from the residence as well as any derivative testimonial evidence.

DATED: Honolulu, Hawaii, September 7, 2018.

/s/ Peter C. Wolff, Jr.
PETER C. WOLFF, JR.
Counsel for Defendant
GRANT MANAKU

**Certificate of Service**

I, PETER C. WOLFF, JR., hereby certify that by the method of service noted below, a true and correct copy of the foregoing was served on the following at the last known address on September 7, 2018:

Served Electronically through CM/ECF:

THOMAS J. BRADY                    tom.brady@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii  96850
    Attorney for Plaintiff
    UNITED STATES OF AMERICA

DATED:  Honolulu, Hawaii, September 7, 2018.

                                    /s/ Peter C. Wolff, Jr.
                                    PETER C. WOLFF, JR.
                                    Counsel for Defendant
                                    GRANT MANAKU