KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG #5111
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
E-mail:   Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00069 LEK |
|---|---|---|
| Plaintiff, | ) | Government's Memorandum in Opposition to the Defendant's Motion to Suppress (ECF No. 15); Exhibits 1-5; Certificate of Service |
| vs. | ) | |
| GRANT MANAKU, | ) | Date:   November 15, 2018 |
| Defendant. | ) | Time:   1:30 p.m. |
| | ) | Judge:  Hon. Leslie E. Kobayashi |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
THE DEFENDANT'S MOTION TO SUPPRESS (ECF No. 15)**

On September 7, 2018, the defendant filed a motion to suppress (ECF No. 15). For the reasons set forth below, the motion should be denied.[1]

## I. Background

On April 20, 2017, United States Magistrate Judge Richard L. Puglisi signed a search and seizure warrant, authorizing federal agents to search the residence located at 94-1008 Lumi Street, Waipahu, Hawaii 96797. (The complete warrant is Exhibit A to the defendant's motion). The "face sheet" of the warrant identified the premises to be searched as follows:

> In the Matter of the Search of
>
> **(Briefly describe the property to be searched**
> or identify the person by name and address)
>
> **94-1008 Lumi Street**
> **Waipahu, Hawaii   96797**

Exhibit A (emphasis added).

There should be no doubt that the "face sheet" of the search warrant adequately described the property to be searched, within the meaning of the Fourth Amendment. While Attachment A to the "face sheet," including a photograph of the property to be searched, further described the premises to be searched, as a matter of law, the face sheet alone adequately described the premises.

---

[1] This Opposition Memorandum is timely filed because the Court granted the government's request for an extension to November 1, 2018. ECF No. 26.

There also should be no doubt that the search warrant signed by Magistrate Judge Puglisi, and filed with the court, had an "Attachment B" which was incorporated therein by reference on the "face sheet." Attachment B set forth the "Property to be seized" pursuant to the execution of the warrant.

The defendant is not challenging the probable cause basis for the search warrant. Nor is he claiming that there was any falsehood or other problem with the issuance of the search warrant. Rather, his sole claim is that only the "face sheet" of the search warrant, and not its Attachments A or B, was served on the Dela Cruz family. Def't. Mot. at 4, ¶ 1.[2] The government concedes that only the "face sheet" of the warrant was served. Declaration of Special Agent Sherwin Chang (Exhibit 1) at ¶¶ 4-6. However, that unintentional mistake should not lead to the suppression of evidence as argued by the defendant.

---

[2] The defendant also claims that the agents acted unreasonably in executing the search warrant. Def't Mot. at 8, ¶ 3. However, the defendant acknowledges that "the exclusionary rule does not apply to manner-of-execution claims, even if the agents acted unreasonably." *Id.* (citing *Hudson v. Michigan*, 547 U.S. 586, 590-99 (2006) (exclusionary rule inapplicable to knock-and-announce violation); *United States v. Ankeny*, 502 F.3d 829 (9th Cir. 2007) (as amended) (seizure of evidence too attenuated from violation of knock-and-announce rule and excessive force to warrant suppression). The defendant claims that the allegedly unreasonable manner of the execution of the search warrant is relevant if there is a factual dispute regarding whether the agents served only the face sheet of the warrant or the entire warrant, including the two attachments. *Id.*

As discussed in the text above, the government has stipulated that only the "face sheet" of the warrant was served on Ms. Dela Cruz and not the two attachments. Thus, the manner of the execution of the warrant is not relevant.

## II.  Facts relating to the service of the search warrant

The search warrant was executed on April 24, 2017.  See FBI 302, Def't's Exhibit B.  Before the warrant was executed, the members of the search team met with the team leader, Special Agent Brett Price,[3] and they were briefed as to the contents of the search warrant and what they were authorized to seize.  Declaration of Special Agent Chang (Exhibit 1) at ¶ 3.  They were also provided with a complete copy of the search warrant, including Attachments A and B.  *Id.*  All of the members of the search team then signed the back of the third and final page of Attachment B.  *Id.*  A true and accurate copy of the third page of Attachment B, including the back page with the signatures of the search team members who were present and briefed as to the contents of the search warrant, including what could be seized as set forth in Attachment B, is attached hereto as Exhibit 2.  *Id.*

The execution of the search warrant began at 8:53 a.m.  See Def'ts Exhibit C.  At 12:50 p.m. the search was completed.  At 12:50 p.m., FBI Special Agent Sherwin Chang gave Ms. Dela Cruz a copy of the "face sheet" of the warrant and a copy of a "Property Receipt" (Form FD-597), listing the property which had been seized pursuant to the search warrant.  See Declaration of FBI

---

[3] Special Agent Brett Price will attend the evidentiary hearing scheduled for November 15, 2018, and be available to testify, if necessary.

4

Special Agent Sherwin Chang (Exhibit 1) at ¶¶ 4-6. A copy of the Property Receipt left with Ms. Dela Cruz is Exhibit 3. A copy of the FBI report detailing the execution of the search warrant is Exhibit 4. A photograph of the "face sheet" of the warrant and the Property Receipt left with Ms. Dela Cruz is Exhibit 5.

The government concedes that Special Agent Chang did not provide Ms. Dela Cruz with a copy of Attachments A or B. See Declaration of Chang (Exhibit 1) at ¶ 6. Special Agent Chang did not realize at the time he provided the search warrant to Ms. Dela Cruz that it did not include Attachments A or B. *Id.* Instead, he provided to Ms. Dela Cruz the copy of the search warrant which had been provided to him as part of the search warrant packet. *Id.* He did not intentionally or deliberately try to conceal what items were authorized for seizure and he intentionally gave Ms. Dela Cruz a copy of the property receipt so that she would know what items had been seized pursuant to the warrant. *Id.* Special Agent Chang will be present at the evidentiary hearing scheduled for November 15, 2018, and available to testify, if necessary.

The defendant argues that Special Agent Chang's failure to present Attachments A and B with the face sheet of the warrant violated Fed. R. Crim. P. 41(f)(1)(C). In doing so, he relies upon the Ninth Circuit's decision in *United States v. Gantt*, 194 F.3d 987, 990-95 (9th Cir. 1999). What he fails to note, however, is that *Gantt*, at least in effect, has been overruled by the Supreme Court.

5

### III.  Argument

Fed. R. Crim. P. 41(f)(1)(C), formerly Rule 41(d), provides in part:

> The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from who, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

Fed. R. Crim. P. 41(f)(1)(C).

In *Gantt*, the Ninth Circuit held that the government violated Rule 41(d) by failing to present Gantt with a copy of the warrant at the *outset* of the search of her apartment:

> In light of these Supreme Court and Ninth Circuit precedents, there can be no doubt that the essential functions of the search warrant include assuring the subject of the search that her privacy is invaded only under a legal warrant and notifying her of the extent of the officer's authority.  The government's proposed reading of Rule 41(d) ignores these essential functions.  If a person is present at the search of her premises, agents are faithful to the "assurance" and "notice" functions of the warrant only if they serve the warrant at the outset of the search.  A warrant served after the search is completed cannot timely provide the property owner with sufficient information to reassure him of the entry's legality.

*Gantt*, 194 F.3d at 1001-02 (quotations omitted).  The court "conclude[d] that, absent exigent circumstances, if a person is present at the search of her premises, Rule 41(d) requires officers to give her a complete copy of the warrant at the outset of the search." *Id.* at 1005.  The Ninth Circuit noted that "violations of Rule 41(d) do not usually demand suppression" but determined that suppression of the evidence was required because of a "deliberate" violation of the rule.  *Id.*

6

However, two Supreme Court decisions decided after *Gantt* specifically rejected a requirement that an executing officer must present a copy of the search warrant to the property owner *before* a search warrant is executed. In *Groh v. Ramirez*, 540 U.S. 551 (2004), the Court stated: "neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search." *Id.* at 562 n. 5.

Likewise, in *United States v. Grubbs*, 547 U.S. 90 (2006), the Supreme Court specifically rejected that an "executing officer must present the property owner with a copy of the warrant before conducting his search." *Id.* at 98-99 (citation omitted). "In fact, . . . neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41 imposes such a requirement." *Id.* at 99 (citing *Groh*, 540 U.S. at 562 n. 5). The Court explained:

> The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police, and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages.

*Id.* at 99 (citation and quotations omitted).

After the Supreme Court decided *Grubbs*, the Ninth Circuit, in *United States v. Hector*, 474 F.3d 1150 (9th Cir. 2007) reviewed the grant of a motion to suppress by the district court on the grounds that the officer failed to serve Hector

7

with *any* copy of the warrant at the time of the search. The Court of Appeals reversed the grant of suppression, explaining:

> The key premise underlying the presentation requirement is that "[a]bsent such presentation, individuals would stand [no] real chance of policing the officers' conduct. *United States v. Grubbs*, 377 F.3d 1072, 1079 (9th Cir. 2004) (*Grubbs I*) internal quotation marks and citation omitted). However, after the district court granted Hector's motion to suppress the Supreme Court decided *United States v. Grubbs*, 547 U.S. 90 (2006) (*Grubbs II*), which specifically rejected the policing rationale. It is not clear whether *Grubbs II* overrules the Ninth Circuit's precedent on the requirement to present a copy of the warrant to the owner of the premises at the time of the search. But we need not resolve this issue here, as we rely on *Hudson* [*v. Michigan*, 547 U.S 586 (2006)] **to hold that regardless of whether the failure to serve a copy of the warrant was a violation of the Fourth Amendment, the exclusionary rule should not be applied in this case.**
>
> In *Hudson*, the police officers had a valid search warrant for drugs and firearms, but entered Hudson's home in violation of the Fourth Amendment's knock-and-announce rule. According to the Supreme Court, the violation did not warrant suppression of the evidence obtained from the search because the knock-and-announce violation was not the unattenuated but-for cause of obtaining the evidence. In articulating this principle, the Supreme Court first explained: "Whether [the violation] had occurred or *not*, the police would have executed the warrant they had obtained, and would have discovered the guns and drugs inside the house." *Hudson*, 126 S. Ct. at 2164 (emphasis in original).

*Hector*, 474 F.3d at 1154.

The Ninth Circuit in *Hector* held: "[h]ere, as in *Hudson*, given that a valid search warrant entitled the officers to retrieve drugs and firearms in the apartment, resort to the massive remedy of suppressing evidence of guilt is unjustified." *Id.* at

8

1155 (citation and quotation omitted). "Regardless of whether the police officers had actually shown Hector the search warrant, they would have executed it and recovered the drugs and firearms inside his apartment. Thus, the acquisition of the evidence can hardly be characterized as a 'fruit of the fact' that the officers failed to present the warrant." *Id.* (citing *Hudson*, 126 S. Ct. at 2169).

In sum, because of *Hector*, which relied upon *Hudson*, the failure to serve a search warrant at *any* time during its execution does *not* result in the suppression of evidence seized pursuant to the execution of the search warrant. That was the conclusion reached by Judge Seabright in *United States v. Sakuma*, 2012 WL 5954962 (D. Haw. 2012).

In *Sakuma*, one of the issues raised by the defendant was whether the failure by the Hawaii County Police Department to serve the defendant with a copy of the search warrant until the day *after* it was executed, amounted to a violation of his Fourth Amendment rights. Judge Seabright denied the motion to suppress because of the Ninth Circuit's decision in *Hector*:

> The court need not determine whether these facts amount to a violation of Defendant's Fourth Amendment rights -- even if they did, Defendant is not entitled to suppression in light of *United States v. Hector*, 474 F.3d 1150, 1154 (9th Cir. 2007).
>
> *Hector* addressed the same situation presented here -- the defendant sought suppression of evidence seized on a state search warrant because officers failed to present a copy of search warrant at the time of the search. *Hector* determined that it need not resolve whether these facts amount to a Fourth Amendment violation because *Hudson*

9

> (discussed above) applies with equal force to these facts and forecloses application of the exclusionary rule. ***Hector* explained that "[h]ere, as in *Hudson*, given that a valid search warrant entitled the officers to retrieve drugs and firearms in the apartment, "[r]esort to the massive remedy of suppressing evidence of guilt is unjustified."'** (quoting *Hudson*, 547 U.S. at 599). Rather, **"[r]egardless of whether the police officers had actually shown Hector the search warrant, they would have executed it and recovered the drugs and firearms inside his apartment. Thus, the acquisition of the evidence can hardly be characterized as a 'fruit of the fact' that the officers failed to present the warrant."** *Id.* **(citing *Hudson*, 547 U.S. at 600). As a result, *Hector* held that the defendant was not entitled to suppression.**
>
> Applying these principles here, even if Plaintiff's Fourth Amendment rights were violated by the officers' failure to provide Defendant a copy of the search warrant at the time of the search, Plaintiff is not entitled to suppression of any evidence. The court therefore DENIES Defendant's Motion to Suppress to the extent it argues that any evidence must be suppressed due to the HCPD's officers alleged failure to timely provide Defendant a copy of the search warrant.

*United States v. Sakuma*, 2012 WL 5954962 at *16 (emphasis added).[4]

Likewise, in *United States v. Ellis*, 270 F. Supp.3d 1134 (N.D. Ca. 2017), another district court denied a motion to suppress based upon the fact that the police left either a blank search warrant or a redacted search warrant at the premises. The court, based upon *Hector*, denied the motion to suppress for the following reason:

---

[4] On appeal, Judge Seabright's decision denying the motion to suppress was affirmed, 585 Fed. Appx. 467 (9th Cir. 2014), although it does not appear from the Memorandum decision that the defendant appealed this portion of Judge Seabright's decision.

> Even if the police had not provided Ellis with ***any copy of the warrant***, **suppression of evidence obtained pursuant to a valid search warrant would not be justified**.

*Id.* at 1161 (citing *Hector*, 474 F.3d at 1154-55 (9th Cir. 2007) ("On its face, the Fourth Amendment does not require that a copy of the warrant be served on the person whose premises are being searched.") (emphasis added).

In this case, it is undisputed that the FBI possessed a valid search warrant to search the premises located at 94-1008 Lumi Street, Waipahu, Hawaii 96797. It also is undisputed that the caption on the face sheet accurately described the premises to be searched. While Attachment A further described those premises, and included a photograph of it, there should not be any doubt that the face sheet of the warrant, by itself, accurately described the premises and that the failure to serve Attachment A did not undermine the validity of the warrant or its execution.

In addition, it is undisputed that the defendant's laptop, which allegedly contained the child pornography, and seized pursuant to the search warrant, was covered within the list of items authorized to be searched and seized by the search warrant. See Def't's Exhibit A, Attachment B (authorizing the seizure of any "Computers or storage media used as a means to commit [possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B)]." Thus, here, like in *Hector, Sakuma*, and *Ellis*, the agents acquired the evidence while executing a

valid search warrant and *not* because they failed to present the complete warrant at the time of its execution.

Here, even though there was a violation of Rule 41(f)(1)(C) in not serving the complete warrant, there is no basis for suppressing any evidence because of *Hudson* and *Hector*. As set forth in his declaration, Special Agent Chang was not aware that the copy of the search warrant he provided to Ms. Dela Cruz did not include Attachments A or B. Declaration of Special Agent Chang (Exhibit 1) at ¶ 6. Further, he did not intentionally or deliberately try to conceal what items were authorized for seizure and he intentionally gave Ms. Dela Cruz a copy of the property receipt so that she would know what items had been seized pursuant to the warrant. *Id.*

There is no bad faith here and the exclusion of evidence is not a proper remedy for Special Agent Chang's oversight. *See United States v. Henderson*, 2018 WL 5260851 at *7 (9th Cir. 2018) ("The exclusionary rule applies only when 'police conduct [is] sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.'") (quoting *Herring v. United States*, 555 U.S. 135, 140 (2009)). Mistakes do happen, but in this case the mistake was not intentional or deliberate and did not prejudice the defendant in any way. As such, the extraordinary remedy of suppressing evidence seized pursuant to a valid search warrant should not apply.

## IV. Conclusion

In *United States v. Hector, supra*, the Ninth Circuit expressly rejected the defendant's motion to suppress evidence because he was not served with a copy of the search warrant when it was executed. The Court, basing its decision on the Supreme Court's decision in *Hudson*, held:

> Here, as in *Hudson*, given that a valid search warrant entitled the officers to retrieve drugs and firearms in the apartment, "[r]esort to the massive remedy of suppression evidence of guilt is unjustified." *Id.* at 2168. **Regardless of whether the police officers had actually shown Hector the search warrant, they would have executed it and recovered the drugs and firearms inside his apartment.** Thus, the acquisition of the evidence can hardly be characterized as a "fruit of the fact" that the officers failed to present the warrant.
>
> \* \* \* \* \*
>
> In light of the rationale of the exclusionary rule and the considerations set out by the Supreme Court in *Hudson*, **we conclude that suppression was not an appropriate remedy in this case, and that the district court should have granted the government's motion for reconsideration.**

474 F.3d at 1155 (emphasis added).

Remarkably, the defendant's motion never even discusses *Hector*. But if the failure to present *any* portion of the search warrant to Hector did *not* justify the suppression of evidence in that case, the presentment of *part* of the search warrant, i.e., the face sheet of the warrant, to Ms. Dela Cruz in this case means, *a fortiori*, that the suppression of Manaku's laptop is not warranted. The officers would have, and did, seize Manaku's laptop regardless of whether they should have

showed the complete warrant to Ms. Dela Cruz.  Indeed, she is not even the defendant in this case; rather, it is Manaku who is the defendant and *he* had no right to see the search warrant or to receive a copy of it.

In sum, even assuming *arguendo* that there was a Fourth Amendment violation in the failure to serve a complete copy of the warrant on Ms. Dela Cruz -- which the government does not concede -- under *Hudson* and *Hector* the suppression of evidence is not an appropriate remedy and the motion to suppress should be denied.  That is what Judge Seabright held in *Sakuma* and we respectfully request this Court to decide this case the same way.

DATED: November 1, 2018, Honolulu, Hawaii.

>Respectfully submitted,
>
>KENJI M. PRICE
>United States Attorney
>District of Hawaii
>
>
>By:   /s/ Marshall H. Silverberg
>MARSHALL H. SILVERBERG
>Assistant U.S. Attorney